IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**TRUSTEES OF CENTRAL LABORERS'**
**PENSION, WELFARE & ANNUITY FUNDS,**

    Plaintiff,

v.

**GERALD J. LEPINSKI, JR., d/b/a**
**LAKEVIEW CONSTRUCTION, LLC,**

    Defendants.                                              Case No. 07-cv-14-DRH

## ORDER

**HERNDON, Chief Judge:**

    Before the Court is Plaintiff's Motion for Entry of Default Judgment (Doc. 12), made pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 55(b)**. Defendant has failed to timely file an answer or other responsive pleading to Plaintiff's Complaint. Defendant has also not opposed the instant Motion. As required per **Rule 55(a)**, Plaintiff obtained the Clerk's Entry of Default against Defendant (Doc. 8). Plaintiff states that Defendant is indebted to it in the amount of $4,957.30, a sum total representing $3,430.27 in delinquent fund contributions, $343,03 in liquidated damages and $1,184.00 in audit costs (Doc. 12, Ex. A - Affidavit of Dan Koeppel, ¶ 2). Further, Plaintiff seeks reimbursement of its accrued attorneys' fees in the amount of $3,051.00 and $895.38 in expended court costs (Doc. 12, Ex. B - Affidavit of Randy Patchett, ¶¶ 3 & 4). Thus, Plaintiff seeks a default judgment against Defendant in the total amount of $8,903.68 (Doc. 12, p. 2).

A party is authorized to seek a default judgment pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 55**. Under this Rule, the Court may enter a judgment by default when the non-moving party has "failed to plead or otherwise defend" itself. **FED. R. CIV. P. 55.** "As a general rule, a 'default judgment establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint,'" as long as plaintiff's allegations are well-plead. ***Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (citing *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.*, 687 F.2d 182, 186 (7th Cir. 1982))**. Plaintiff (or the party moving for a default judgment), must then establish a right to the requested relief sought. ***In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004)**.

A party obtaining a default judgment in its favor is not entitled to an award "exceed[ing] [the] amount [] prayed for in the demand for judgment." **FED. R. CIV. P. 54(c)**. Allegations within the complaint regarding damages are not deemed true upon the rendering of a default judgment. ***In re Catt*, 368 F.3d at 793 (citations omitted); *Dundee Cement Co.*, 722 F.2d at 1323 (citations omitted)**. Instead, the district court must determine with reasonable certainty the proper amount to award as damages to the prevailing party. ***Id.*** Such determination can be made either based upon an evidentiary hearing or from "definite figures contained in the documentary evidence or in detailed affidavits." ***Dundee Cement Co.*, 722 F.2d at 1323 (citations omitted); *see also In re Catt*, 368 F.3d at 793**.

Plaintiff (hereinafter also referred to as "the Funds") brings its claims against Defendant under §§ 502 & 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as the Trustees of the Central Laborers' Pension, Welfare & Annuity Funds. The allegations of the Complaint state that Defendant is or was an employer of certain laborers represented by unions affiliated with the Funds, whereby Defendant agreed to participate in the Funds in order to obtain health and welfare benefits for its represented employees (Doc. 2, ¶ 3). Part of the Defendant's Agreement with the Funds obligated him to timely submit contributions to the Funds (*Id*. at ¶ 4) and to submit to an audit of his payroll books and records, conducted by the Funds' representatives (*Id*. at ¶ 5). Additionally, Defendant is subject to the Agreement and Declarations of Trust which governs the administration of the Funds (*Id*.), as well as reasonable attorneys' fees, court costs, audit costs, liquidated damages and other reasonable expenses incurred by the Funds in relation to any collection action for delinquent contributions. Plaintiff alleges that Defendant breached his obligations to the Funds; the audit revealed his failure to timely submit accurate contributions to the Funds (*Id*. at ¶ 6). Despite Plaintiff's requests for Defendant's full performance, he has failed and/or refused to fulfill his obligations to the Funds (*Id*. at ¶ 7).

Upon review of Plaintiff's Motion for Default Judgment and attached affidavits, as well as the Complaint and attached exhibits, the Court notices a few evidentiary shortcomings which prevents it from awarding the requested judgment at this time. First, the record does not make clear Defendant's obligations to the

Funds. Exhibit 1 to Plaintiff's Complaint is a copy of the Agreement and Declaration of Trust of the Central Laborers' Pension Funds, which governs the formation, operation and administration of the Funds itself. It does not, however, directly show a contract between Plaintiff and Defendant. Exhibits 2 and 3 to the Complaint are what Plaintiff describes as documents showing Defendant's assent to be bound to the Agreement and Declaration of Trust (Ex. 1), as well as evidencing Defendant's obligations to pay contributions to the Funds (Doc. 2, ¶¶ 4 & 5). What these two exhibits appear to show is an agreement between Defendant and the Southern Illinois Laborers' District Council and Southern Illinois Builders Association – *not* the Funds. Specifically, it is not clear to the Court how Exhibits 2 & 3 signify Defendant's obligation to the Funds, nor is it explained in the allegations of the Complaint or the instant Motion. This is necessary to prove that Defendant is, in fact, obligation to pay *any* contributions to the Funds, as well as attorneys' fees, costs, liquidated damages and audit costs for the instant collection action.

Second, Plaintiff has no documentary evidence to substantiate the amount in damages it seeks. There are no records of the audits attached to an explanatory affidavit, no collection notices or invoices. Basically, there is nothing but Plaintiff's conclusory statements, which will not serve as an adequate substitute for the requisite "definite figures contained in the documentary evidence or in detailed affidavits." **Dundee Cement Co., 722 F.2d at 1323**.

Lastly, Plaintiff's request for attorneys' fees and costs is also not properly substantiated. Along with the Affidavit of Randy Patchett should be

attached records showing a reasonable itemization of the attorney hours worked on the matter (generally provided by billing statements) as well as any receipts for the costs incurred.

Therefore, the Court defers its ruling on Plaintiff's Motion for Default Judgment (Doc. 12). Instead, Plaintiff is hereby **ORDERED** to file a Supplement to the Motion to correct the evidentiary deficiencies as discussed within this Order. Plaintiff's Supplement shall be filed by **Friday, November 30, 2007**. If Plaintiff should fail to timely file its Supplement or timely request an extension, the instant Motion shall be denied.

**IT IS SO ORDERED.**

Signed this 8th day of November, 2007.

/s/      DavidRHerndon
**Chief Judge**
**United States District Court**