IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TRUSTEES OF CENTRAL LABORERS'
PENSION, WELFARE & ANNUITY FUNDS,

    Plaintiff,

v.

GERALD J. LEPINSKI, JR., d/b/a
LAKEVIEW CONSTRUCTION, LLC,

    Defendant.                                        Case No. 07-cv-14-DRH

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

On February 11, 2008, the Court entered a Default Judgment against defendant Gerald J. Lepinski, Jr., d/b/a Lakeview Construction, LLC in the amount of $5,957.68 (Doc. 20). Now before the Court is Defendant's Motion to Set Aside Default Judgment (Doc. 24), to which Plaintiff has not opposed.

A request to set aside a default judgment must be made pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 60(b).** Rule 60(b) allows relief on account of mistake and inadvertence, in addition to excusable neglect. It is, in fact, the same standard as used to vacate an entry of default pursuant to Rule 55(c). ***Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994).** "In order to vacate an entry of default, the moving party must show: 1) good cause for default, 2) quick action to correct it, and 3) a meritorious defense to plaintiff's complaint." ***Pretzel & Stouffer v.***

***Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994)**. However, when seeking to set aside a default judgment, this three-part test requires a more limited and stringent application, due to the finality of judgments than when seeking to vacate an entry of default. ***Jones*, 39 F.3d at 162.** As a matter of course, the Seventh Circuit favors a trial on the merits over default judgments. ***Security Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1381 (7th Cir. 1995) (citation omitted)**. Defendant (whose name has been apparently misspelled on the face of the pleadings; the correct spelling is "Lepinske"), asserts that he makes the requisite "excusable neglect" showing in order to set aside the default judgment entered against him in this matter.

## Excusable Neglect

### *Good Cause*

Defendant states that he has good cause for his failure to appear and asserts that it was not "a willfull attempt to avoid the lawsuit or judicial procedures" (Doc. 26, p. 5). Defendant, upon being served with the summons and Complaint, gave the documents to his wife, one of the three members of Lakeview Construction, LLC, in order to handle the matter. Defendant mistakenly believed that the current lawsuit was "the result of a misunderstanding connected with a 2003 lawsuit which had already been settled" and could therefore be easily resolved by his wife (*Id*. at 6). Defendant admits he received correspondence, dated July 13, 2007, from Plaintiff's counsel. Although he states that he no longer has a copy of the letter to attach as an

exhibit to the instant Motion, Defendant attaches his letter in response, dated August 10, 2007. Defendant asserts that he was under the impression that Plaintiff's counsel's letter only demanded that he respond to counsel within thirty days (*see* Affidavit of Gerald Lepinske, Doc. 26, Ex. A, ¶¶ 17-20). Defendant believes his misunderstanding about the nature of the lawsuit, as well as entrusting his wife to handle it (believing her to be the proper party to the lawsuit) and his response to Plaintiff's counsel, demonstrate that he did not willfully avoid the judicial process – rather, he believed he had resolved outstanding issues.

### *Quick Action to Correct the Default*

Defendant further states that in September 2007, he and his family moved from Florida to Texas. Although he arranged to have his mail forwarded to his new address, Defendant states that it took approximately three weeks to receive mail forwarded from his former residence. As such, he would not have received, if at all, a copy of Plaintiff's initial Motion for Default Judgment (Doc. 12), filed mid-October, until several weeks later, as it was sent to his old address. Unfortunately, also around mid-October 2007, Defendant's wife was hospitalized until her passing on December 1, 2007. Needless to say, Defendant was devastated by the loss of his wife and overwhelmed with attempting to raise his two daughters in a new city after the loss of their mother. It was not until Defendant was personally served, while in Texas, with the Court's Order of Default Judgment and the Citation to Discover Assets that he understood for certain that his wife (and his response letter to Plaintiff's counsel) had been unable to resolve the lawsuit. Defendant states that he

immediately began his search for suitable counsel and hired counsel to represent him within two weeks in order to attempt to set aside the default judgment.

### *Existence of a Meritorious Defense to the Original Complaint*

Defendant believes he is not the proper party to this lawsuit. Plaintiff has sued him individually and "doing business as" Lakeview Construction, LLC. Defendant claims Plaintiff has no cause of action against him under the Collective Bargaining Agreement at issue in the Complaint. He was not a member or an officer of the corporate entity, Lakeview Construction, but his wife and two other individuals were. Instead, he was employed as a general foreman with the company. In support, Defendant attaches the Articles of Organization for Lakeview Construction, LLC (among other supporting documents), and he is not listed as a member of the company.

Plaintiff's lawsuit is based upon ERISA. Only "employers" are to be held liable for the corporation's obligations under ERISA. ***Plumbers' Pension Fund, Local 130 v. Niedrich*, 891 F.2d 1297, 1299 (7th Cir. 1989)**. In other words, individuals cannot be held liable unless Plaintiff pleads allegations showing the corporation was that individual's "alter ego" or other allegations that warrant piercing the corporate veil. ***Id.*** Plaintiff has not plead such allegations in its Complaint (and merely stating that Defendant is a "d/b/a" for an "LLC" is not enough). Although exhibits to the Complaint show that Defendant signed the collective bargaining agreement, he states that he did so in an agency capacity for

Lakeview Construction, LLC, not individually. In fact, he even writes in his title, "General Superintendent" at the bottom on one of the signature pages (Doc. 2, Ex. 2). Plaintiff does not contest Defendant's assertion.

Upon consideration, the Court finds that Defendant has met his burden under Rule 60(b) to show excusable neglect – especially in light of the fact that Plaintiff has failed to argue otherwise. Accordingly, Defendant's Motion to Set Aside Default Judgment (Doc. 24) is hereby **GRANTED**. The Default Judgment entered against Defendant (Doc. 20) as well as the Clerk's Entry of Default against Defendant (Doc. 8) are hereby **SET ASIDE**. Defendant is **ORDERED** to file an Answer or other responsive pleading to Plaintiff's Complaint by **June 16, 2008**.

**IT IS SO ORDERED**

Signed this 23rd day of May, 2008.

/s/       David R Herndon
**Chief Judge**
**United States District Court**